IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02173-LTB-KLM

ARIELLA WERDEN,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion to Compel, for Sanctions, and for Other Relief Regarding Discovery Deadlines** [Docket No. 13; Filed January 23, 2009] (the "Motion"). This civil action involves an uninsured motorist policy claim asserted by Plaintiff against her insured. Plaintiff seeks to compel Defendant to voluntarily produce its claims file and to speed its agreement on dates for conducting depositions. Defendant responded in opposition to the Motion on January 30, 2009 [Docket No. 15]. Because the parties' pleadings fully advise me of the present dispute, I need not wait for a reply.

IT IS HEREBY **ORDERED** that the Motion is **DENIED** for the reasons set forth below.

To the extent that Plaintiff contends that Defendant was required to voluntarily produce its claims file as an initial disclosure, Plaintiff has failed to provide any legal support for its position. I note that nothing in the language of Fed. R. Civ. P. 26(a)(1) automatically requires a party to voluntarily submit the claims file at issue in the litigation.

Further, I note that Defendant specifically raised an objection to the voluntary disclosure of its claims file on the grounds of attorney/client and work product privilege. While Plaintiff attempts to argue that the claims file is nevertheless subject to production, Plaintiff has never made a formal discovery request for these documents. Therefore, the subject of Defendant's objections or Plaintiff's entitlement to these documents is not properly before the Court. *See* D.C. Colo. L. Civ. R. 37.1 (requiring that any motion regarding a dispute over discovery production must be accompanied by the formal discovery request at issue). Moreover, given that Plaintiff has failed to make a formal discovery request to obtain the claims file, and Defendant was not required to provide it voluntarily, the Motion is premature and unnecessary.

To the extent that Plaintiff contends that Defendant has not been diligently participating in the setting of depositions for this case, I find no support in the record for this concern. Defendant has provided ample evidence that it has been in contact with Plaintiff regarding scheduling depositions. Moreover, I note that Plaintiff filed the present Motion <u>before</u> the deadline given for Defendant to provide deposition dates and to respond to the potential Rule 30(b)(6) deposition topics. Defendant did timely respond, raised objections to the deposition topics, and offered proposed deposition dates [Docket No. 15-3]. Further, I note that no depositions have been formally noticed nor has Defendant raised an objection to attending a noticed deposition. Again, on this issue, Plaintiff's Motion is premature and unnecessary.

IT IS FURTHER **ORDERED** that if counsel for the parties are unable to agree on deposition dates or Rule 30(b)(6) deposition topics, **the parties shall conference to**

2

**together and contact the Court** prior to filing any motion to compel or motion for protective order.

IT IS FURTHER **ORDERED** that Plaintiff's request for sanctions is **DENIED**. I find that the Motion lacks merit given the premature nature of the alleged disputes and lack of any formal discovery demands. **The parties are warned that the filing of frivolous discovery motions or the failure to follow my orders regarding discovery will result in sanctions.**

Dated: February 6, 2009

BY THE COURT:

  s/ Kristen L. Mix
Kristen L. Mix
United States Magistrate Judge