**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**LEWIS T. BABCOCK, JUDGE**

Civil Action No. 08-cv-02173-LTB-KLM

ARIELLA WERDEN,

      Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

      Defendant.

_____

## ORDER

_____

      This automobile insurance dispute is before me on Defendant, Allstate Insurance Company's, Motion for Partial Summary Judgment [**Docket # 23**], Plaintiff, Ariella Werden's Response [**Docket # 28**], and Defendant's Reply [**Docket # 40**].  Oral argument would not materially assist the determination of this motion.  After consideration of the motion, the papers, and the case file, and for the reasons stated below, I GRANT Defendant's Motion for Partial Summary Judgment [**Docket # 23**].

## I.  BACKGROUND

      The following facts are alleged.  On or about April 4, 2008, Plaintiff—while driving in the course of her employment—was in an automobile accident involving another vehicle.  At the time of the accident, Plaintiff was insured under an Allstate New York automobile policy ("the policy") that provided medical benefits without regard to fault, as well as uninsured motorist benefits.  The driver of the other vehicle was uninsured.

1

Plaintiff's worker compensation insurer paid for accident-related treatment with authorized treatment providers.  Unhappy with her care from the authorized providers, however, Plaintiff sought treatment with a non-authorized orthopedic surgeon, Dr. Fulkerson.  Plaintiff submitted her bills from Dr. Fulkerson to Defendant under Plaintiff's uninsured motorist coverage.  To date, Defendant has not paid Plaintiff's uninsured motorist claims.

Plaintiff filed a complaint in Boulder County District Court—since removed to this Court on the basis of diversity jurisdiction—alleging four claims for relief: (1) breach of contract; (2) bad faith breach of insurance contract; (3) statutory claims under New York—the state of issue of the policy at question—and Colorado law; and (4) a demand for coverage under Plaintiff's uninsured motorist coverage.  [**Docket # 1-2**].

Defendant now moves for summary judgment on Plaintiff's bad faith claim.  In support of its motion, Defendant raises two arguments.  First, Defendant argues that this dispute is controlled by New York state law which does not recognize a cause of action for bad faith breach of an insurance contract.  In the alternative, Defendant argues that—even if this dispute is controlled by Colorado law—Plaintiff fails to proffer facts from which a reasonable jury could conclude Defendant acted with bad faith here.  As I agree that New York law controls, I do not reach Defendant's second argument.

## II.  STANDARD OF REVIEW

The purpose of a summary judgment motion is to assess whether trial is necessary.  *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995).  If a reasonable juror could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Summary judgment is not proper

if—viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor—a reasonable jury could return a verdict for the non-moving party. *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992).

In a motion for summary judgment, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, *supra*, 477 U.S. at 323 (quoting FED. R. CIV. P. 56(c)). If the moving party does not bear the burden of persuasion at trial, it may satisfy this responsibility by identifying a lack of evidence for the non-movant on an essential element of the non-movant's claim. *Adamson v. Multi Community Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008).

If this burden is met, then the non-moving party has the burden of showing there are genuine issues of material fact to be determined. *See id.* at 322. It is not enough that the evidence be merely colorable; the non-moving party must come forward with specific facts showing a genuine issue for trial. *See id.*; *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). I shall grant summary judgment, therefore, only if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Lucas v. Mountain States Tel. & Tel.*, 909 F.2d 419, 420 (10th Cir. 1990); FED. R. CIV. P. 56(c).

In a motion for summary judgment, I view the evidence "through the prism of the substantive evidentiary burden." *Liberty Lobby*, *supra*, 477 U.S. at 254.  The inquiry is based on "the quality and quantity of evidence required by the governing law" and "the criteria governing what evidence would enable the jury to find for either the plaintiff or the defendant." *Id*. Accordingly, in this insurance case, Plaintiff must show material facts in dispute by a preponderance of the evidence in order to defeat Defendant's motion for summary judgment. *See*, *e.g.*, COLO. JURY INSTR., CIVIL 3:1 (2006) ("To prove something by a 'preponderance of the evidence' means to prove that it is more probably true than not.").

### III.  ANALYSIS

The insurance policy at issue in this case provides that New York law generally controls all claims and disputes.  The policy provides an exception, however, where—as here—the loss occurs outside New York.  When the loss occurs outside New York, the policy provides that the law of the jurisdiction in which the loss occurs will control so long as it would control in the absence of the New York choice-of-law provision: "If a covered loss . . . happens outside of New York, claims or disputes regarding the covered loss . . . may be governed by the laws of that jurisdiction in which that covered loss happened, only if the laws of that jurisdiction would apply in the absence of a contractual choice of law provision such as this." *See* Allstate Insurance Company Auto Policy, p. 5 [**Docket # 23-4**].  Accordingly—when determining which law governs the dispute at issue here—I apply a conflict of laws analysis as if no choice-of-law provision exists.

As this case is brought in Colorado, Colorado conflict of law rules determine which state's law governs the dispute. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496

4

(1941). Under Colorado law, I resolve conflicts issues under the principles illuminated in the RESTATEMENT (SECOND) OF CONFLICTS OF LAWS (1971). *See Wood Bros. Homes, Inc. v. Walker Adjustment Bureau*, 601 P.2d 1369, 1372 (Colo. 1979). In multistate tort controversies—which, although it involves an insurance contract, includes the bad faith claim here, *see Abdelsamed v. N.Y. Life Ins. Co.*, 857 P.2d 421, 428 (Colo. Ct. App. 1992)—Colorado applies the law of the state with the most significant relationship to the tort and the parties, as described in RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 145. *See TPLC, Inc. v. United Nat'l Ins. Co.*, 44 F.3d 1484, 1495–96 (10th Cir. 1995) (citing *First Nat'l Bank in Ft. Collins v. Rostek*, 514 P.2d 314, 320 (Colo. 1973)).

RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 145 provides that a court should consider the following four factors according to their relative importance with respect to the particular dispute at issue: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered. With respect to the first factor under Section 145, the alleged injury in this action—namely, the harm caused by Defendant's bad faith refusal to pay Plaintiff's covered medical bills—occurred in both Colorado, where Plaintiff resided at the time of the accident, and Pennsylvania, where Plaintiff now lives. With respect to the second factor, Plaintiff's insurance policy was issued in New York and her claims were denied by an adjuster in New York. With respect to the third factor, Plaintiff lives in Pennsylvania, while Defendant does business in New York, Pennsylvania, and Colorado, and is incorporated in Illinois. With respect to the fourth factor, the policy was issued while Plaintiff was a New York resident,

5

provided coverage for a vehicle garaged in New York, was written to comply with New York state law, and is administered by an adjuster located in New York.  Considering all four Section 145 factors together shows that—while Colorado and Pennsylvania both have an interest in this dispute—New York is the state with the most significant relationship to the tort and the parties.

The additional factors described in RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 6 do not counsel a different conclusion.  Section 6 provides that, if relevant, a court may consider: (1) the needs of the interstate and international systems; (2) the policies of the forum state; (3) the  policies of the other interested states and the relative interests of those states in the determination of the particular issue; (4) the protection of justified expectations; (5) the basic policies underlying the particular field of law; (6) certainty, predictability, and uniformity of result; and (7) ease in the determination and application of the law to be applied.

The policy was explicitly issued to be in accordance with New York insurance law and includes numerous incorporations of New York insurance law by reference.  New York therefore has a strong interest in seeing that such a policy is properly interpreted according to New York state law.  *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 352 (1988).  Moreover, Plaintiff testified in her deposition that—at the time the policy was first issued—she was a resident of New York.  Plaintiff then moved to Colorado in January 2004, but continued to renew her policy with a New York address.  Although she lived in Colorado for almost five years, Plaintiff considered her New York address to be her permanent home address.  Plaintiff admits Defendant was unaware—both at the time the policy was renewed and at the time of the accident precedent to this claim—that she was residing anywhere other than New York.  As the numerous references to New York law—and, indeed, the listing of a New York address for Plaintiff and

her vehicle—show, Defendant justifiably relied on this presumption when writing and issuing

the policy.  Finally, although Colorado has an interest in protecting those persons who suffer a

tort within the state's borders, this interest is lessened when the injury is to a person

who—though temporarily residing in Colorado—claims New York as her permanent home state.

*See Vandeventer v. Four Corners Elec. Co.*, 663 F.2d 1016, 1018–19 (10th Cir. 1981)

(discussing cases); *see also Conlin v. Hutcheon*, 560 F. Supp. 934, 936–37 (D. Colo. 1983);

*Bannowsky v. Krauser*, 294 F. Supp. 1204, 1206 (D. Colo. 1969) (discussing cases).

Accordingly, New York is the state with the most significant relationship to Plaintiff's claim for

bad faith breach of an insurance contract, and New York law applies to this claim

## IV.  CONCLUSION

New York courts considering claims for bad faith breach of an insurance contract are

clear: "[w]e are unwilling to adopt the widely-accepted tort cause of action for 'bad faith' in the

context of a first-party claim, because we recognize that to do so would constitute an extreme

change in the law of this State.  Essentially, we accept the more conservative approach adopted

by the minority of jurisdictions that the duties and obligations of the parties to an insurance

policy are contractual rather than fiduciary." *Acquista v. N.Y. Life Ins. Co.*, 730 N.Y.S.2d 272,

278 (N.Y. App. Div. 2001) (internal formatting and citations omitted); *see Polidoro v. Chubb*

*Corp.*, 354 F. Supp. 2d 349, 352 (S.D.N.Y. 2005) ("Plaintiff's claim for bad-faith conduct in

handling insurance claims is not legally-cognizable under New York law.").

Accordingly, Defendant's Motion for Partial Summary Judgment [**Docket # 23**] is

GRANTED.  Plaintiff's Second Claim for Relief (Insurance Bad Faith) is DISMISSED.


Dated: July   2  , 2009.

BY THE COURT:


   s/Lewis T. Babcock
Lewis T. Babcock, Judge