**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE**

Civil Action No. 08-cv-02173-LTB-KLM

ARIELLA WERDEN,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

___

**ORDER**
___

This automobile insurance dispute is before me on Defendant, Allstate Insurance Company's, Motion for Summary Judgment on the First and Third Claims in the Complaint [**Docket # 48**], and Plaintiff, Ariella Werden's, Response [**Docket # 58**]. Oral argument would not materially assist the determination of this motion. After consideration of the motion, the papers, and the case file, and for the reasons stated below, I GRANT in part and DENY in part Defendant's Motion for Summary Judgment on the First and Third Claims in the Complaint [**Docket # 48**].

## I.  BACKGROUND

The following facts are alleged. On or about April 4, 2008, Plaintiff—while driving in Colorado in the course of her employment—was in an automobile accident involving another vehicle. At the time of the accident, Plaintiff was insured under an Allstate New York automobile policy ("the policy") that provided medical benefits without regard to fault, as well

as uninsured motorist ("UM") benefits. The driver of the other vehicle was uninsured.

Plaintiff's workers' compensation insurer paid for accident-related treatment with authorized treatment providers. Unhappy with her care from the authorized providers, however, Plaintiff requested permission from her workers' compensation carrier to seek treatment with a non-authorized orthopedic surgeon, Dr. Fulkerson, and a non-authorized chiropractor, Dr. Swan. Plaintiff's request for an alternative provider was initially denied by her workers' compensation carrier and again denied upon request for reconsideration. Plaintiff then submitted her bills from Drs. Fulkerson and Swan to Defendant, but Defendant refused to pay her claim.

Plaintiff filed a complaint in Boulder County District Court—since removed to this Court on the basis of diversity jurisdiction—alleging four claims for relief: (1) breach of contract; (2) bad faith breach of insurance contract; (3) statutory claims under New York and Colorado law; and (4) a demand for coverage under Plaintiff's uninsured motorist coverage. [**Docket # 1-2**]. On July 2, 2009, I dismissed Plaintiff's bad faith breach of insurance contract claim on the basis that New York law—which governs any tort controversies raised in this case—does not recognize a claim for bad faith breach of insurance contract. [**Docket # 41**].

Defendant now moves for summary judgment on Plaintiff's breach of contract and statutory claims. In support of its motion, Defendant raises three arguments. First, Defendant argues that Plaintiff's breach of contract claim is precluded by the express terms of Plaintiff's policy which reduce payable benefits by the amount "recovered or recoverable" to a policyholder under workers' compensation laws. Second, Defendant argues Plaintiff's statutory claims—to the extent they allege violations of Colorado law—are precluded by my July 2, 2009, Order concluding New York law governs this dispute. Finally, Defendant argues Plaintiff's

Colorado statutory claims—if they are allowed to proceed—and New York statutory claims are precluded by the terms of Plaintiff's policy related to the workers' compensation offset.

## II. STANDARD OF REVIEW

The purpose of a summary judgment motion is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). If a reasonable juror could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is not proper if—viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor—a reasonable jury could return a verdict for the non-moving party. *Mares v. ConAgra Poultry Co., Inc.*, 971 F.2d 492, 494 (10th Cir. 1992).

In a motion for summary judgment, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, *supra*, 477 U.S. at 323 (quoting FED. R. CIV. P. 56(c)). If the moving party does not bear the burden of persuasion at trial, it may satisfy this responsibility by identifying a lack of evidence for the non-movant on an essential element of the non-movant's claim. *Adamson v. Multi Community Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008).

If this burden is met, then the non-moving party has the burden of showing there are genuine issues of material fact to be determined. *See id.* at 322. It is not enough that the evidence be merely colorable; the non-moving party must come forward with specific facts

showing a genuine issue for trial.  *See id.*; *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  A fact is material if it might affect the outcome of the suit under the governing substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  I shall grant summary judgment, therefore, only if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *Lucas v. Mountain States Tel. & Tel.*, 909 F.2d 419, 420 (10th Cir. 1990); FED. R. CIV. P. 56(c).

In a motion for summary judgment, I view the evidence "through the prism of the substantive evidentiary burden."  *Liberty Lobby*, *supra*, 477 U.S. at 254.  The inquiry is based on "the quality and quantity of evidence required by the governing law" and "the criteria governing what evidence would enable the jury to find for either the plaintiff or the defendant."  *Id*.  Accordingly, in this insurance case, Plaintiff must show material facts in dispute by a preponderance of the evidence in order to defeat Defendant's motion for summary judgment.

### III.  BREACH OF CONTRACT CLAIM—CLAIM ONE

Defendant argues Plaintiff's breach of contract claim fails as a matter of law because Plaintiff seeks reimbursement for medical expenses that are not payable under Plaintiff's policy.  Specifically, Defendant notes Plaintiff's policy excludes "amounts recovered or recoverable on account of personal injury to an eligible insured person under State or Federal laws providing social security disability or workers' compensation benefits" from the scope of reimbursable expenses.  It is not disputed that Plaintiff was covered under a Colorado workers' compensation plan at the time of the accident.

Plaintiff's response is two-fold.  First, Plaintiff argues it is seeking reimbursement for

lost wages that are not "recovered or recoverable" under her workers' compensation plan as a matter of law. Second, Plaintiff argues she is seeking reimbursement for medical expenses that were denied by her workers' compensation plan and, accordingly, are not "recovered or recoverable" as a matter of fact.

### A. Plaintiff's Claim for Lost Wages

Plaintiff's policy states that Allstate "will pay first-party benefits to reimburse for basic economic loss"—which consists of "medical expense, work loss, or other expense"—reduced by any amounts "recovered or recoverable" under a workers' compensation plan. Policy Endorsement, p. 1 [**Docket # 48-5**]. Under Colorado workers' compensation law, "[i]n case of temporary total disability, the employee shall receive sixty-six and two-thirds percent of said employee's average weekly wages so long as disability is total, not to exceed a maximum of ninety-one percent of the state average weekly wage per week." COLO. REV. STAT. § 8-42-105. Accordingly, to the extent Plaintiff suffered wage loss beyond that compensable under the statute—either because Plaintiff's disability was not "total," or because the amount compensable under the statute was otherwise not equivalent to the amount of loss—Plaintiff's wage loss was not "recovered or recoverable" under her workers' compensation plan.

Plaintiff, however, does not allege that she is entitled to lost wages in her breach of contract claim, but rather seeks reimbursement for "medical payments." Similarly, the Final Pre-Trial Order [**Docket # 55**]—which supercedes the complaint, *see Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002)—states Plaintiff is asserting a breach of contract claim for non-payment of "medical benefits" and makes no mention of lost wages. While the complaint includes a paragraph regarding lost wages in the general allegations, the paragraph states:

"Plaintiff's ongoing loss of income due to her reduced work capacity should be paid under her UM coverage with Defendant." As Plaintiff's complaint makes clear, she has not yet filed a claim for UM coverage. Any allegation that Defendant is in breach of the UM contract is therefore unsupportable. Accordingly—as Plaintiff has not alleged lost wages in connection with a breached contract—the factual question whether Plaintiff is owed lost wages by Defendant is not material to this claim. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### B.  Plaintiff's Claim for Medical Benefits

Defendant argues that Plaintiff's non-approved medical expenses were "recovered or recoverable" under Colorado workers' compensation laws and, accordingly, are not payable under her policy. Plaintiff responds that—although the cost of the medical treatment received from Drs. Fulkerson and Swan was theoretically "recoverable" under Colorado's workers' compensation laws—her non-approved medical expenses were not, in fact, "recoverable" because her request for approval of an alternate physician was denied.

In order to determine whether a material question of fact exists whether Plaintiff's non-approved medical expenses were "recovered or recoverable" under Colorado's workers' compensation laws, I must first determine the meaning of "recovered or recoverable" as used in Plaintiff's policy and then apply the term to determine whether the non-approved expenses were "recovered or recoverable" under Colorado's workers' compensation laws. This requires an initial inquiry into whether the terms of Plaintiff's policy should be interpreted under Colorado or New York law.

*1. New York law controls the interpretation of this contract*

As noted in my July 2, 2009, Order in this case, the insurance policy at issue provides that New York law generally controls all claims and disputes. The policy provides an exception, however, where—as here—the loss occurs outside New York. When the loss occurs outside New York, the policy provides that the law of the jurisdiction in which the loss occurs will control so long as it would control in the absence of the New York choice-of-law provision: "If a covered loss . . . happens outside of New York, claims or disputes regarding the covered loss . . . may be governed by the laws of that jurisdiction in which that covered loss happened, only if the laws of that jurisdiction would apply in the absence of a contractual choice of law provision such as this." *See* Auto Policy, p. 5 [**Docket # 23-4**]. Accordingly—when determining which law governs the dispute at issue here—I apply a conflict of laws analysis as if no choice-of-law provision exists.

As this case is brought in Colorado, Colorado conflict of law rules determine which state's law governs the dispute. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Under Colorado law, I resolve conflicts issues in contract actions under the principles illuminated in the RESTATEMENT (SECOND) OF CONFLICTS OF LAWS (1971). *See Wood Bros. Homes, Inc. v. Walker Adjustment Bureau*, 601 P.2d 1369, 1372 (Colo. 1979). "Where a conflict of laws question is raised, the objective of the Restatement (Second) is to locate the state having the 'most significant relationship' to the particular issue. In analyzing which state has the most significant relationship, the principles set forth in Restatement (Second) section 6 and 188 are taken into account." *Id.*

RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 188 provides that a court—in the absence of an effective choice-of-law provision in the contract—should consider the following

five factors according to their relative importance with respect to the particular contract dispute at issue: (1) the place of contracting; (2) the place of negotiation of the contract; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation, and place of business of the parties.  With respect to the first factor, the contract in dispute was entered into in New York.  With respect to the second factor, the contract was negotiated in New York.  With respect to the third factor—although the place of performance includes New York, Colorado, and Pennsylvania, where Plaintiff now lives—at the time of negotiation, the place of performance was expected by both parties to be New York.  Similarly, with respect to the fourth factor—although the location of the subject matter of the contract includes both New York and Colorado—at the time the contract was entered, the subject matter was expected by both parties to remain in New York. With respect to the fifth factor, Plaintiff lives in Pennsylvania, while Defendant does business in New York, Pennsylvania, and Colorado, and is incorporated in Illinois.  Considering all five Section 188 factors together shows that—while Colorado and Pennsylvania both have an interest in this dispute—New York is the state with the most significant relationship to the contract.

The additional factors described in RESTATEMENT (SECOND) OF CONFLICTS OF LAWS § 6 do not counsel a different conclusion.  The policy was explicitly issued to be in accordance with New York insurance law and includes numerous incorporations of New York insurance law by reference, including the phrase "recovered or recoverable on account of personal injury to an eligible insured person under State or Federal laws providing social security disability or workers' compensation benefits."  *See* N.Y. INS. LAW § 5102(b)(2) (2009).  New York therefore has a strong interest in seeing that such a policy is properly interpreted according to New York

state law. Moreover, Plaintiff testified in her deposition that—at the time the policy was first issued—she was a resident of New York. Plaintiff subsequently moved to Colorado in January 2004, but continued to renew her policy with a New York address. Although she lived in Colorado for almost five years, Plaintiff considered her New York address to be her permanent home address. Plaintiff admits Defendant was unaware—both at the time the policy was renewed and at the time of the accident precedent to this claim—that she was residing anywhere other than New York. As the numerous references to New York law, including the controlling phrase in this dispute—and, indeed, the listing of a New York address for Plaintiff and her vehicle—show, Defendant justifiably relied on this presumption when writing, issuing, and renewing the policy. Accordingly, New York law controls the interpretation of Plaintiff's policy.

*2. New York law requires benefits to be recoverable in fact*

New York courts examining this phrase "recovered or recoverable" have held that it should be interpreted in a manner that does not penalize a claimant merely because he was injured in the course of his employment. *See Fox v. Atl. Mut. Ins. Co.*, 521 N.Y.S.2d 442, 444–47 (N.Y. App. Div. 1987). The purpose of the deduction is to prevent double recovery, not to reduce a claimant's payment below his actual economic loss. *See State Farm Mut. Auto. Ins. Cos. v. Brooks*, 435 N.Y.S.2d 419, 421–22 (N.Y. App. Div. 1981). Accordingly—absent evidence that the claimant should have sought out workers' compensation benefits, but did not—an insurer does not appear entitled to offset first-party benefits by a theoretical workers' compensation award that the claimant never in fact received. *See Cady v. Aetna Life & Cas. Ins. Co.*, 450 N.Y.S.2d 679, 684–85 (N.Y. Sup. Ct. 1982) ("workers' compensation benefits of which

the worker ultimately was deprived could not be offset against no-fault loss of earnings benefits as 'amounts recovered or recoverable under laws providing workmen's compensation benefits'") (citing *Grello v. Daszykowski*, 379 N.E.2d 161, 162 (N.Y. 1978)) (internal formatting omitted); *cf. Shand v. Aetna Ins. Co.*, N.Y.S.2d 462, 472 (N.Y. App. Div. 1980).

### 3. Plaintiff's evidence shows her non-approved medical expenses were not recoverable in fact under Colorado workers' compensation law

Plaintiff's evidence—viewed in the light most favorable to her as the non-moving party and drawing all reasonable inferences in her favor—shows she suffered medical expenses beyond those provided under her workers' compensation plan and, accordingly, beyond those Defendant is entitled to offset as "recovered or recoverable." As Plaintiff has now settled her claims with her workers' compensation carrier for less than the amount of her medical bills, it is undisputed that her remaining medical expenses were not "recovered." Accordingly, I ask only whether a material question of facts exists whether these expenses were, in fact, "recoverable."

Under Colorado workers' compensation law, employers must furnish an injured worker "such medical, surgical, dental, nursing, and hospital treatment . . . as may reasonably be needed . . . to cure and relieve the employee from the effects of the injury." COLO. REV. STAT. § 8-42-101(1)(a). The employer is required to provide a list of at least two physicians or medical providers from which the employee may seek treatment. COLO. REV. STAT. § 8-43-404(5)(a)(I)(A). An employee, however, may request to be treated by a physician not provided by the employer. COLO. REV. STAT. § 8-43-404(5)(a)(VI). If the request is denied—and the employee nonetheless receives treatment from a non-provided physician—the workers' compensation carrier is not obligated to pay the cost of the treatment. *See Yeck v. Indus. Claim*

*Appeals Office of State of Colorado*, 996 P.2d 228, 229 (Colo. Ct. App. 1999).

Plaintiff provides evidence showing she was unhappy with the medical treatment provided by her employer-provided physician and requested alternative physicians, Drs. Fulkerson and Swan, but was denied her request on June 12, 2008, and again on July 1, 2008. *See* Plaintiff's Exhibit A [**Docket # 58-2**]. On October 29, 2008, Plaintiff settled her remaining claims against her workers' compensation plan for $3,300.00. *See* Defendant's Exhibit C [**Docket # 48-6**]. Plaintiff provides evidence showing her non-approved medical expenses totaled $8,013.12. *See* Plaintiff's Exhibit B [**Docket # 58-3**].

Defendant argues Plaintiff waived any right to seek reimbursement under her no-fault coverage for the additional expenses when she entered into a settlement agreement with her workers' compensation provider. Under the facts alleged, I disagree. Under New York law, if a claimant has her workers' compensation claim denied—as Plaintiff's evidence shows her claim was—such claims are not "recovered or recoverable." *See Hartford Ins. Group v. Mendez*, 404 N.Y.S.2d 519, 521 (N.Y. Sup. Ct. 1978) (holding claimant would be entitled to renew claim against no-fault insurer "upon a showing by the claimant that application has been made for payment of the medical claims in question, under workmen's compensation, and that there has been a disclaimer of liability for such payment by the workmen's compensation carrier"); *see also Arvatz v. Empire Mut. Ins. Co.*, 575 N.Y.S.2d 836, 838 (N.Y. App. Div. 1991) (noting that a no-fault carrier would be obligated to pay benefits "if the workers' compensation carrier 'denied liability for payment of benefits, in whole or in part'").

The Colorado case law relied upon by Defendant—*Comiskey v. Valley Forge Ins. Co.*, 781 P.2d 188 (Colo. Ct. App. 1989)—does not mandate a different conclusion. In *Comiskey*, the

plaintiff entered into a settlement agreement with his workers' compensation carrier and later asserted a claim against his no-fault carrier for the cost of a home spa. *See id.* at 189. Comiskey, however—unlike Plaintiff here—never submitted a claim to his workers' compensation carrier for the spa prior to entering into the settlement agreement. *See id.* The Colorado Court of Appeals found this failure dispositive: "While an award of funds for the spa is permissible under the Workmen's Compensation Act, no request was made for the benefit prior to the execution of the settlement agreement. Hence, Comiskey's waiver of future medical and rehabilitation workmen's compensation benefits precludes his recovery of the claim he asserts here." *Id*. In this case, Plaintiff twice requested approval for alternative physician care from Drs. Fulkerson and Swan and was twice denied, all prior to entering into a settlement agreement. Unlike the home spa in *Comiskey*, therefore, Plaintiff's evidence—viewed in the light most favorable to her as the non-moving party and drawing all reasonable inferences in her favor—shows the alternative care requested was not "permissible under the Workmen's Compensation Act." *See Am. Fam. Mut. Ins. Co. v. Century Health-St. Anthony Cent. Hosp.*, 46 P.3d 490, 493 (Colo. Ct. App. 2002) (holding, if a workers' compensation carrier denies liability for medical expenses of its insured, the no-fault carrier "is bound promptly to pay benefits concerning such expenses under its policy"). Accordingly, summary judgment on Plaintiff's breach of contract claim—to the extent the claim alleges unpaid medical benefits—is denied.

## IV.  STATUTORY CLAIMS—CLAIM THREE

In her third claim for relief, Plaintiff alleges entitlement to damages based on violations of three statutes: COLO. REV. STAT. § 10-4-642(6)(a); COLO. REV. STAT. § 10-3-1115; and New York Insurance Law § 5106. Defendant argues Plaintiff's claims under Colorado statute should

be dismissed because New York law controls this dispute. I agree. Once it has been determined that the law of a particular state governs the interpretation of an insurance contract, any statutory insurance claims that implicate performance of the contract must also be raised under the law of the controlling state. *See Rush v. Travelers Indem. Co.*, 891 F.2d 267, 270 (10th Cir. 1989); *cf. Allstate Ins. Co. v. Hague*, 449 U.S. 302, 324 n.11 (1981) (Stevens, J., concurring); *Boseman v. Connecticut Gen. Life Ins. Co.*, 301 U.S. 196 (1937). Summary judgment on these claims is therefore appropriate.

Turning to Plaintiff's statutory claim under New York Insurance Law § 5106, the statute states, in relevant part:

> (a) Payments of first party benefits and additional first party benefits shall be made as the loss is incurred. Such benefits are overdue if not paid within thirty days after the claimant supplies proof of the fact and amount of loss sustained. If proof is not supplied as to the entire claim, the amount which is supported by proof is overdue if not paid within thirty days after such proof is supplied. All overdue payments shall bear interest at the rate of two percent per month. If a valid claim or portion was overdue, the claimant shall also be entitled to recover his attorney's reasonable fee, for services necessarily performed in connection with securing payment of the overdue claim, subject to limitations promulgated by the superintendent in regulations.

Defendant argues—because Plaintiff's claims were "recovered or recoverable" under her workers' compensation plan—no benefits were due Plaintiff and, accordingly, Defendant is not in violation of the statute for declining to pay benefits as they became due. As Defendant failed to show no material question of fact existed whether Plaintiff's claims were "recovered or recoverable" under her workers' compensation plan, however, Defendant likewise fails to show no material question of fact exists whether benefits were due under the New York statute.

## V.  CONCLUSION

Accordingly, Defendant's Motion for Summary Judgment on the First and Third Claims in the Complaint [**Docket # 48**] is GRANTED in part and DENIED in part as follows:

1. Summary judgment is GRANTED as to Plaintiff's claims under COLO. REV. STAT. § 10-4-642(6)(a) and COLO. REV. STAT. § 10-3-1115;

2. The motion is otherwise DENIED.

Dated: October  8 , 2009.

BY THE COURT:

  s/Lewis T. Babcock
Lewis T. Babcock, Judge